# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| RESONANT SYSTEMS, INC., d/b/a RevelHMI,<br><br>            Plaintiff,<br><br>    v.<br><br>SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>            Defendants. | Case No.<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT AGAINST SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC.

This is an action for patent infringement arising under the Patent Laws of the United States of America, 35 U.S.C. § 1 *et seq.*, in which Plaintiff Resonant Systems, Inc., doing business as RevelHMI ("Plaintiff" or "RevelHMI") makes the following allegations against Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. ("Defendants" or "Samsung"):

## INTRODUCTION

1.      This complaint arises from Samsung's unlawful infringement of the following United States patents owned by Plaintiff, which relate to improvements in haptic feedback devices: United States Patent Nos. 9,369,081 (the "'081 Patent") and 9,941,830 (the "'830 Patent) (collectively, the "Asserted Patents").

2.      During the period 2017-2019, Plaintiff communicated extensively with Samsung regarding Plaintiff's patented inventions in a good faith attempt to reach an agreeable license to

the Asserted Patents. Plaintiff submitted physical samples to Samsung, provided detailed instructions and guidance to Samsung's engineers, and traveled to Korea to meet with Samsung personnel face to face on multiple occasions. These communications included specific details of Plaintiff's haptic feedback technology as claimed in the Asserted Patents, including without limitation the use and benefits of controllable frequency and amplitude. The communications also specifically identified the '081 and '830 Patents and/or the then-pending applications that were issued as the '081 and '830 Patents. Despite knowledge of Plaintiff's technology and the Asserted Patents, Samsung decided not to license the Asserted Patents.

## PARTIES

3.      Plaintiff is a corporation organized and existing under the laws of the state of Washington, with a place of business at 520 South King Street, Seattle, Washington 98104. Plaintiff is the sole owner by assignment of all right, title, and interest in the Asserted Patents, including the right to recover damages for past, present, and future infringement.

4.      On information and belief, Defendant Samsung Electronics Co., Ltd. ("SEC") is a corporation organized under the laws of South Korea, with its principal place of business at 129, Samsung-Ro, YeongTong-Gu, Suwon-Si, Gyonggi-Do, 443-742, South Korea.

5.      On information and belief, Defendant Samsung Electronics America, Inc. ("SEA") is a United States corporation organized under the laws of the State of New York, with its principal place of business at 85 Challenger Road, Ridgefield Park, New Jersey 07660 and with an office located at 6625 Excellence Way, Plano, Texas 75023. SEA is a wholly-owned subsidiary of SEC. SEA distributes certain Samsung consumer electronics products, including the Accused Products, in the United States.

## JURISDICTION AND VENUE

6. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

7. This Court has personal jurisdiction over Defendants in this action because Defendants have established minimum contacts with the United States as a whole, such that the exercise of jurisdiction would not offend traditional notions of fair play and substantial justice. Defendants have purposefully directed activities at the United States, in particular, directing Accused Products for sale to customers and distributors within the United States (including within this District) and engaging in sales and marketing efforts to generate and support such sales. Defendants have committed and continue to commit acts of infringement in this District by, among other things, importing, offering to sell, and selling products that infringe the Asserted Patents. Defendants, directly and through subsidiaries, intermediaries, and third parties, have committed and continue to commit acts of infringement in this District by, among other things, making, using, offering to sell, selling, and importing products that infringe the Asserted Patents.

8. Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400(b). Defendant SEC is a foreign corporation. Venue is proper as to a foreign defendant in any district. 28 U.S.C. § 1391(c)(3). Defendant SEA has committed and continues to commit acts of infringement in this District and has regular and established places of business in this District, including as set forth above.

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 9,369,081

9. Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

10. Plaintiff owns by assignment all rights, title, and interest, including the right to recover damages for past, present, and future infringement, in U.S. Patent No. 9,369,081, entitled "Linear vibration modules and linear-resonant vibration modules." The '081 Patent was duly and legally issued by the United States Patent and Trademark Office on June 14, 2016. A true and correct copy of the '081 Patent is attached as Exhibit 1.

11. On information and belief, Samsung makes, uses, offers for sale, sells, and/or imports certain products with linear vibration motor technology, including without limitation Galaxy S22, Galaxy S22+, Galaxy S22 Ultra, Galaxy Z Fold 3, and Galaxy Z Fold 4 (collectively, "Accused Products"), that directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '081 Patent. Identification of the Accused Products will be provided in Plaintiff's infringement contentions disclosed pursuant to the Court's scheduling order.

12. The Accused Products satisfy all claim limitations of one or more claims of the '081 Patent. A claim chart comparing exemplary independent claim 1 of the '081 Patent to representative Accused Products is attached as Exhibit 2.

13. By making, using, offering for sale, selling and/or importing into the United States the Accused Products, Samsung has injured Plaintiff and is liable for infringement of the '081 Patent pursuant to 35 U.S.C. § 271.

14. As a result of Samsung's infringement of the '081 Patent, Plaintiff is entitled to monetary damages in an amount adequate to compensate for Samsung's infringement, but in no

event less than a reasonable royalty for the use made of the invention by Samsung, together with interest and costs as fixed by the Court.

15. Samsung's acts of infringement were undertaken with knowledge of the '081 Patent and knowledge of the infringing nature of the Accused Products and were undertaken after rejecting Plaintiff's attempts to license its technology and the '081 Patent in good faith. Samsung's infringement of the '081 Patent was willful, deliberate, and unreasonable, justifying an award of enhanced damages under 35 U.S.C. § 284.

## COUNT II

## INFRINGEMENT OF U.S. PATENT NO. 9,941,830

16. Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

17. Plaintiff owns by assignment all rights, title, and interest, including the right to recover damages for past, present, and future infringement, in U.S. Patent No. 9,941,830, entitled "Linear vibration modules and linear-resonant vibration modules." The '830 Patent was duly and legally issued by the United States Patent and Trademark Office on April 18, 2018. A true and correct copy of the '830 Patent is attached as Exhibit 3.

18. On information and belief, Samsung makes, uses, offers for sale, sells, and/or imports certain products with linear vibration motor technology, including without limitation Galaxy S22, Galaxy S22+, Galaxy S22 Ultra, Galaxy Z Fold 3, and Galaxy Z Fold 4 (collectively, "Accused Products"), that directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '830 Patent. Identification of the Accused Products will be provided in Plaintiff's infringement contentions disclosed pursuant to the Court's scheduling order.

19. The Accused Products satisfy all claim limitations of one or more claims of the '830 Patent. A claim chart comparing exemplary independent claim 1 of the '830 Patent to representative Accused Products is attached as Exhibit 4.

20. By making, using, offering for sale, selling and/or importing into the United States the Accused Products, Samsung has injured Plaintiff and is liable for infringement of the '830 Patent pursuant to 35 U.S.C. § 271.

21. As a result of Samsung's infringement of the '830 Patent, Plaintiff is entitled to monetary damages in an amount adequate to compensate for Samsung's infringement, but in no event less than a reasonable royalty for the use made of the invention by Samsung, together with interest and costs as fixed by the Court.

22. Samsung's acts of infringement were undertaken with knowledge of the '830 Patent and knowledge of the infringing nature of the Accused Products and were undertaken after rejecting Plaintiff's attempts to license its technology and the '830 Patent in good faith. Samsung's infringement of the '830 Patent was willful, deliberate, and unreasonable, justifying an award of enhanced damages under 35 U.S.C. § 284.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter:

a. A judgment in favor of Plaintiff that Samsung has infringed, either literally and/or under the doctrine of equivalents, the '081 and '830 Patents;

b. A judgment and order requiring Samsung to pay Plaintiff its damages, costs, expenses, and pre-judgment and post-judgment interest for Samsung's infringement of the '081 and '830 Patents;

c. A judgment and order requiring Samsung to pay Plaintiff compulsory ongoing

6

licensing fees, as determined by the Court;

      d.      A judgment and order requiring Samsung to provide an accounting and to pay supplemental damages to Plaintiff, including without limitation, pre-judgment and post-judgment interest and compensation for infringing products released after the filing of this case that are not colorably different from the Accused Products;

      e.      A judgment and order finding that Samsung's infringement of the '081 and '830 Patents was willful and ordering Samsung to pay treble damages under 35 U.S.C. § 284;

      f.      A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Plaintiff its reasonable attorneys' fees against Samsung; and

      g.      Any and all other relief as the Court may deem appropriate and just under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Dated:  October 26, 2022                Respectfully submitted,

                                                                 */s/ Reza Mirzaie*

                                                                Reza Mirzaie (CA SBN 246953)
                                                                rmirzaie@raklaw.com
                                                                Kristopher R. Davis (CA SBN 329627)
                                                               kdavis@raklaw.com
                                                                Christian W. Conkle (CA SBN 306374)
                                                                 cconkle@raklaw.com
                                                                RUSS AUGUST & KABAT
                                                                12424 Wilshire Blvd. 12th Floor
                                                                Los Angeles, CA 90025
                                                                Phone: (310) 826-7474
                                                                Facsimile: (310) 826-6991

                                                                *Attorneys for Plaintiff Resonant Systems, Inc.*
                                                                *d/b/a RevelHMI*