IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| RESONANT SYSTEMS, INC. d/b/a REVELHMI, | § § § | |
| Plaintiff, | § § | CIVIL ACTION NO. 2:22-CV-00423-JRG |
| v. | § § | |
| SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., | § § § | |
| Defendants. | | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc.'s (collectively, "Samsung") Renewed Motion to Stay Proceedings Pending Inter Partes Review (the "Motion to Stay"). (Dkt. No. 71.) In the Motion, Samsung asks the Court to stay this case pending final resolution of Samsung's petitions for *inter partes* review ("IPR") of the patents in suit. Having considered the Motion to Stay, and for the reasons stated herein, the Court finds that the Motion to Stay should be and hereby is **GRANTED**.

### I.   BACKGROUND

Plaintiff Resonant Systems, Inc. d/b/a RevelHMI ("RevelHMI") has asserted two patents against Samsung: U.S. Patent Nos. 9,369,081 (the "'081 Patent") and 9,941,830 (the "'830 Patent") (collectively, the "Asserted Patents"). (Dkt. No. 1.) On June 21, 2023, Samsung filed a motion to stay the above-captioned litigation pending IPRs of the Asserted Patents. (Dkt. No. 46.) At the time, as the Patent Trial and Appeal Board ("PTAB") had not yet issued a decision on whether to institute IPR proceedings, this Court concluded that the motion was premature and denied it without prejudice. (Dkt. No. 56 at 2-3.)

On January 10, 2024, the PTAB instituted IPR proceedings against both Asserted Patents on all challenged claims, including all the claims asserted in this case, and on multiple grounds for each claim. (Dkt. No. 71 at 1.) Samsung has asserted two primary prior art references in the IPRs, U.S. Patent App. Pub. No. 2006/0284849 ("Fokumoto") and Japanese Patent App. Pub. JP H8-196053A ("Ogusu"). With respect to the '081 Patent, the PTAB analyzed and instituted review on "Fokumoto-based" grounds and on "Ogusu-Fukomoto-combination-based" grounds:

| IPR2023-00992 ('081 Patent) ||
|---|---|
| **Asserted Claim(s)** | **Grounds** |
| 1-3, 7, 8, 17 | Fukumoto |
| | Fukumoto, Grant[1] |
| | Fukumoto, Barton[2] |
| 3-6 | Fukumoto, Ueda[3] |
| | Fukumoto, Grant, Ueda |
| | Fukumoto, Barton, Ueda |
| 7, 8 | Fukumoto, Erixon[4] |
| | Fukumoto, Grant, Erixon |
| | Fukumoto, Barton, Erixon |
| 8 | Fukumoto, Fuller[5] |
| | Fukumoto, Grant, Fuller |
| | Fukumoto, Barton, Fuller |
| 1, 2, 7, 17 | Ogusu, Fukumoto |
| | Ogusu, Fukumoto, Grant |
| | Ogusu, Fukumoto, Barton |
| 3-6 | Ogusu, Fukumoto, Ueda |
| | Ogusu, Fukumoto, Grant, Ueda |
| | Ogusu, Fukumoto, Barton, Ueda |
| 7, 8 | Ogusu, Fukumoto, Erixon |
| | Ogusu, Fukumoto, Grant, Erixon |
| | Ogusu, Fukumoto, Barton, Erixon |

---

[1] U.S. Patent App. Pub. No. 2006/0284849, published December 21, 2006.
[2] U.S. Patent App. Pub. No. 2006/0248183, published November 2, 2006.
[3] U.S. Patent App. Pub. No. 2004/0169480, published September 2, 2004.
[4] U.S. Patent App. Pub. No. 2008/0174187, published July 24, 2008.
[5] U.S. Patent App. Pub. No. 2008/0001484, published January 3, 2008.

With respect to the '830 Patent, the PTAB instituted review based on Fokumoto and did not reach the Ogusu-Fukomoto combination grounds, finding the Fokumoto grounds sufficient for institution:

| IPR2023-00993 ('830 Patent) ||
|---|---|
| **Asserted Claim(s)** | **Grounds** |
| 1-3, 7, 8, 17 | Fukumoto |
| | Fukumoto, Grant |
| | Fukumoto, Barton |
| 3-6 | Fukumoto, Ueda |
| | Fukumoto, Grant, Ueda |
| | Fukumoto, Barton, Ueda |
| 7, 8 | Fukumoto, Erixon |
| | Fukumoto, Grant, Erixon |
| | Fukumoto, Barton, Erixon |
| 8 | Fukumoto, Fuller |
| | Fukumoto, Grant, Fuller |
| | Fukumoto, Barton, Fuller |

Given the PTAB's institutions of review of all Asserted Claims, Samsung has renewed its Motion to Stay.

**II.    LEGAL STANDARD**

The Court has the inherent power to control its own docket, including the power to stay proceedings. *Clinton v. Jones*, 520 U.S. 681, 706 (1997). How to best manage the Court's docket "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936).

"District courts typically consider three factors when determining whether to grant a stay pending *inter partes* review of a patent in suit: (1) whether the stay will unduly prejudice the nonmoving party, (2) whether the proceedings before the court have reached an advanced stage, including whether discovery is complete and a trial date has been set, and (3) whether the stay will likely result in simplifying the case before the court ." *NFC Techs. LLC v. HTC Am., Inc.*, 2015 WL 1069111, at *2 (E.D. Tex. Mar. 11, 2015) (Bryson, J.). "Based on th[ese] factors, courts

determine whether the benefits of a stay outweigh the inherent costs of postponing resolution of the litigation." *Id.*

### III. DISCUSSION

Samsung argues that a stay will substantially simplify or eliminate issues in this case because the PTAB has instituted *inter partes* review of every Asserted Claim of both Asserted Patents on multiple grounds. (Dkt. No. 71 at 6.) Further, Samsung notes that the PTAB instituted review based on **both** Fukumoto and Ogusu (even though an analysis of one would have been sufficient) for the '081 Patent. Samsung argues that the PTAB's institution on multiple grounds, the PTAB's rate of invalidation after institution, and the specific facts of this case indicate a strong likelihood that the instituted IPRs will result in the cancellation of some or all of the Asserted Claims, narrowing the issues in this case. (*Id.* at 8.)

Samsung also argues that the early stage in the case weighs in favor of a stay. Specifically, the case has not yet completed claim construction briefing or had a *Markman* hearing. At the time of filing the present Motion, there had only been one fact deposition (of a third-party prosecutor) and one claim construction deposition. (*Id.* at 9.)

Finally, Samsung argues that a stay will not unduly prejudice RevelHMI. Specifically, Samsung contends that RevelHMI communicated with Samsung from 2017 to 2019 regarding the Asserted Patents, but it did not file the present lawsuit until three years later—more than four years after the last Asserted Patent issued in April 2018. (*Id.* at 11.) Samsung argues that RevelHMI's delay weighs against any claim of prejudice it might assert. (*Id.*) (citing *VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1319 (Fed. Cir. 2014)). Further, Samsung notes that RevelHMI is seeking monetary relief, as opposed to injunctive relief. RevelHMI and Samsung are not competitors. As a result, Samsung argues, RevelHMI will not be unduly prejudiced from the

stay because it will merely cause a delay in RevelHMI receiving damages. (*Id.*) (citing *VirtualAgility*, 759 F.3d at 1318).

RevelHMI argues that whether or not a stay will in fact result in issue simplification remains speculative. (Dkt. No. 77 at 2.) RevelHMI contends that "[t]o support a stay, 'the movant must show more than a successful petition, they must show that the PTAB is likely to invalidate every asserted claim.'" (*Id.*) (citing *Sonrai Memory Ltd. v. LG Elecs. Inc.*, No. 6:21-CV-00168-ADA, 2022 WL 2307475, at *4 (W.D. Tex. June 27, 2022) (internal quotations omitted)). RevelHMI argues that Samsung has made no such showing because the PTAB did not indicate that any of the asserted grounds are particularly strong or likely to succeed. To the contrary, RevelHMI argues, the PTAB's institution decision regarding the '830 Patent found that "with respect to the assertions based upon Ogusu, Fukumoto, and either Grant or Barton, … Petitioner does not present any explanation as to how the teachings of either Grant or Barton would be combined with Petitioner's Ogusu-Fukumoto combination." (*Id.*) (citing IPR2023-00993, Decision Granting Institution). RevelHMI argues that while the PTAB ultimately granted institution on the Fukumoto-based grounds, the PTAB expressly stated that its "determination at this stage of the proceeding is based on the evidentiary record currently before us"—which did not include RevelHMI's response and supporting evidence—and that its "final decision will be based on the full record developed during trial." (*Id.*)

RevelHMI also argues that the stage of the case weighs against a stay. Specifically, RevelHMI contends that the parties have already invested substantial resources in this case. (*Id.* at 5.) RevelHMI notes that the end of fact discovery is less than two months away, that the parties have exchanged infringement and invalidity contentions, and that the deadline to substantially complete document production has passed. (*Id.* at 6.) Further, the Court has held a scheduling

5

conference, issued a docket control order (amended four times), protective order, discovery order, and e-discovery order. RevelHMI points out that while claim construction has not ended, the parties are now well into claim construction, with an opening brief and responsive brief already filed in the case. (*Id.*)

Further, RevelHMI argues that Samsung's delay in filing the petitions weighs against the stay. Specifically, it notes that Samsung waited three months after infringement contentions were served to file their petitions, which RevelHMI argues diminishes the weight of this factor. (*Id.*) Finally, RevelHMI argues that it will be substantially prejudiced by a stay because the case could be delayed for years. (*Id.* at 7.)

The Court ultimately concludes that this case should be stayed. Given that *inter partes* review had been instituted on all Asserted Claims of all Asserted Patents on multiple grounds, there is a material likelihood of simplification of the issues in this case. If the PTAB were to find some or all of the claims under review to be valid, Defendants would be estopped from asserting invalidity defenses on any grounds they raised or reasonably could have raised during *inter partes* review. Further, the cancellation of some or all of the claims could result in simplification of issues in this case. This Court declines RevelHMI's invitation to hold that the PTAB must expressly comment that the grounds for institution are particularly "strong" as to every claim to find that there is a likelihood of issue simplification. *See Sonrai Memory Ltd.*, 2022 WL 2307475 at *3-5. The likelihood of simplification of the issues should be determined on a case-by-case basis. In some cases, after considering all the facts a stay may be warranted when the PTAB does not describe grounds as "strong," as in this case. Conversely, it is possible that in some cases a stay may not be warranted even if the PTAB comments that certain grounds are "strong." This Court is not bound by the PTAB's remarks—or lack thereof—concerning the strength of particular

grounds upon which the PTAB institutes IPR. To adopt this posture would essentially allow the PTAB to decide the stay issue by making or withholding early evaluating comments.

The Court is not persuaded that the grounds for institution are weak in the IPRs based on the comments made by the PTAB concerning the Ogusu-Fukumoto combination with respect to the '830 Patent. RevelHMI points to comments made by the PTAB in the institution decision for the '830 Patent that "Petitioner does not present any explanation as to how the teachings of either Grant or Barton would be combined with Petitioner's Ogusu-Fukumoto combination." (Dkt. No. 71-2 at 19.) However, the PTAB did not institute on the Ogusu-Fukumoto combination grounds, but rather it instituted on the Fukumoto-based grounds. The PTAB explained that the "Ogusu-Fukumoto combination is based solely upon Ogusu for non-means-plus-function construction, and upon Ogusu in combination with Fukumoto for means-plus-function construction, to teach limitation [1f]." (*Id.*) The PTAB further explained that for the Fukumoto-based grounds—the grounds for institution—"Grant and Barton are applied in combination with Fukumoto to teach limitation [1f,]" not Ogusu. (*Id.*) In other words, RevelHMI's citation to this analysis merely points out the fact that the PTAB did not institute on the Ogusu-Fukumoto grounds—an uncontested fact. However, such does not, in isolation, establish that the Fukumoto-grounds for institution are somehow weak or unlikely to simplify this case.

Given that *inter partes* review had been instituted on all Asserted Claims of the Asserted Patents in this case on multiple grounds, and given the specific decisions instituting *inter partes* review of the Asserted Patents, the Court finds that the likelihood of simplification weighs in favor of staying the case.

The stage in the case also weighs in favor of a stay. As noted, this case has not yet had a *Markman* hearing. At the time of the filing of the present Motion, the parties had only conducted

7

two depositions. Samsung alleges (and RevelHMI does not dispute) that the parties still have the bulk of depositions ahead of them, including depositions in Korea. (Dkt. No. 71 at 9.) Further, Samsung alleges (and RevelHMI does not dispute) that the parties are in the midst of negotiating the scope of email discovery, the bulk of which has yet to take place. (*Id.*)

RevelHMI argues that Samsung did not act "with reasonable dispatch in filing its petitions for inter partes review and then, after the petitions were granted, in filing its motion for a stay." *See NFC Techs*., 2015 WL 1069111, at *3. The Court agrees in part. Samsung's three-month delay between the infringement contentions in this case and filing the IPR petitions does somewhat diminish the weight of this factor. Had Samsung pursued its IPRs sooner, the institution decisions could have resulted even earlier in this case, which would have enured to everyone's benefit. The Court disagrees, however, that Samsung delayed in filing its Motion to Stay after *inter partes* review was instituted by the PTAB. The Court notes that Samsung filed its renewed Motion to Stay two days after the PTAB issued its decisions instituting *inter partes* review. While Samsung could have acted sooner in initially filing its petitions for *inter partes review*, it filed its Motion to Stay with reasonable dispatch and at an early stage of the case, which on balance weighs slightly in favor of a stay.

Finally, RevelHMI will not be **unduly** prejudiced by the stay. Frome every plaintiff's perspective a stay is always prejudicial. Every stay pending *inter partes* review is prejudicial to the plaintiff in that it prevents the immediate vindication of the plaintiff's patent rights. This is not simply negated by seeking money damages as opposed to an injunction. RevelHMI has not identified any prejudice beyond the delay of the vindication of its patent rights and alleged entitlement to collect money damages. Such, on its own, is not enough to show **undue** prejudice. In weighing this factor, the Court finds it is neutral.

## IV. CONCLUSION

The specific facts of this unique case persuade the Court that a stay is warranted. Accordingly, after considering the relevant factors, and for the reasons stated herein, the Court finds that Samsung's Motion to Stay should be and hereby is **GRANTED**. The Court **ORDERS** that this case be stayed until the PTAB issues its rulings with regard to Samsung's petition for *inter partes* review concerning the '081 and '830 Patents.

The Parties are **ORDERED** to file a joint status report within ten (10) days after the PTAB issues its ruling on any of the claims at issue from the Asserted Patents. Counsel shall also deliver a courtesy copy of such reports to the Court's chambers at the Sam B. Hall, Jr. Federal Building and United States Courthouse, 100 E. Houston St. Marshall, TX 75670.

**So ORDERED and SIGNED this 8th day of March, 2024.**

RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE