IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| RESONANT SYSTEMS, INC.<br><br>        Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO. LTD., and SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>        Defendants. | Civil Action No. 2:22-CV-00423-JRG<br><br>**JURY TRIAL DEMANDED** |

**RENEWED JOINT MOTION TO FURTHER AMEND DOCKET CONTROL ORDER**

Plaintiff Resonant Systems, Inc. ("Resonant") and Defendants Samsung Electronics Co. Ltd and Samsung Electronics America, Inc. (collectively, "Defendants") (all together, "the parties"), respectfully file this Renewed Joint Motion to Further Amend the Docket Control Order and would show the Court as follows:

The parties, for good cause discussed herein, respectfully request an extension to the current case schedule, including the trial date. The parties recently submitted a similar joint request, which the Court denied for failure to show good cause for the requested extension. Dkt. 115 (denying joint motion filed at Dkt. 114). The parties respectfully submit this renewed motion, which substantially shortens the length of the requested extension to trial to just under two (2) months (56 days) and provides further information regarding the good cause that the parties believe supports the request.

Although the parties have been working diligently in discovery, they have encountered conflicts that require additional time to complete discovery. For example, the parties have been working to amend their respective infringement and invalidity contentions, including based on the

1

Court's preliminary constructions and the *Markman* hearing. The parties have agreed to exchange those amended contentions this week, which the parties intend to review and, to the extent needed, discuss further in advance of a large number of forthcoming technical depositions, most of which are international depositions. There are approximate eight (8) non-US based witnesses that need to be scheduled which has be especially challenging given the summer recess schedules of witnesses as well as timing of work commitments. To permit time for the review of the amended contentions and given the challenges of scheduling a large number of international depositions, along with associated travel and in-person preparation of witnesses by Samsung's counsel, the parties agree that these depositions should be pushed back by several weeks. The parties are also working to supplement their document productions and discovery responses in advance of these depositions. In addition, the parties are pursing third party discovery from a key third party supplier to Samsung. This includes source code productions, review and subsequent follow up. The parties are also working with third parties, including the third party supplier, to schedule depositions.

The parties and their counsel have had and continue to have multiple significant conflicts during the existing and proposed extended discovery period. For example, Resonant has briefing in two IPR appeals due on September 5, 2025 (CAFC Appeal Nos. 25-1547 and 25-1550), which is the current close of fact discovery, as well as an IPR oral argument on September 10, 2025 (IPR2024-00983). In its case against Apple (No. 7:23-cv-00077-ADA, W.D. Tex.), Resonant is also presently engaged on expert reports, and will be taking and defending approximately six expert depositions in mid-September 2025. Resonant also has opening, responsive, and reply briefing on dispositive motions and *Daubert* motions due in October 2025 in the Apple case. In its case against Meta (No. 7:25-cv-00035-DC-DTG, W.D. Tex.), Resonant is presently engaged in claim construction briefing, which will conclude with a *Markman* hearing on November 5, 2025.

Several of Resonant's counsel here have also been engaged in pretrial matters before this Court for XR Communications, LLC, dba Vivato Technologies (Lead Case No. 2:23-cv-00202-JRG-RSP), which is scheduled for an August 29, 2025 Pretrial Conference and for jury selection on September 22, 2025. And Most of Resonant's counsel here have also been engaged during the discovery period in trial and pretrial matters before this Court for Headwater Research LLC, including Headwater cases against Verizon (No. 2:23-cv-00352-JRG-RSP), T-Mobile (No. 2:23-cv-00379-JRG-RSP), and AT&T (No. 2:23-cv-00397-JRG-RSP), and Samsung (No. 2:23-cv-00641-JRG-RSP).

To allow the parties time to review one another's amended contentions and then complete depositions and third-party discovery, the parties respectfully request that the Court enter the parties' proposed amended Docket Control Order. To the extent the Court may issue its claim construction order in the coming weeks, the parties also believe the requested extension would help enable the parties to make any further adjustments to their contentions and/or expert reports in light of the Court's decisions, and to narrow issues for trial.

The parties represent that this Motion is not filed for the purposes of delay but rather so that justice may be served.

Accordingly, the parties respectfully requests that the Court grant this Renewed Joint Motion to Amend Docket Control Order and amend the Docket Control Order as follows:

| Original Date | Amended Date | Event |
|---|---|---|
| January 26, 2026 | March 23, 2026 | *Jury Selection – 9:00 a.m. in **Marshall, Texas** |

| Original Date | Amended Date | Event |
|---|---|---|
| 7 days before Jury Selection | | *Defendant to disclose final invalidity theories, final prior art references/combinations, and final equitable defenses.[1] |
| 10 days before Jury Selection | | *Plaintiff to disclose final election of Asserted Claims.[2] |
| December 18, 2025 | February 12, 2026 | * If a juror questionnaire is to be used, an editable (in Microsoft Word format) questionnaire shall be jointly submitted to the Deputy Clerk in Charge by this date.[3] |
| December 17, 2025 | February 11, 2026 | *Pretrial Conference – 9:00 a.m. in **Marshall, Texas** before Judge Rodney Gilstrap |
| December 4, 2025 | January 29, 2026 | *Notify Court of Agreements Reached During Meet and Confer<br><br>The parties are ordered to meet and confer on any outstanding objections or motions *in limine*. The parties shall advise the Court of any agreements reached no later than 1:00 p.m. three (3) business days before the pretrial conference. |
| December 4, 2025 | January 29, 2026 | *File Joint Pretrial Order, Joint Proposed Jury Instructions, Joint Proposed Verdict Form, Responses to Motions *in Limine*, Updated Exhibit Lists, Updated Witness Lists, and Updated Deposition Designations |

---

[1] The proposed DCO shall include this specific deadline. The deadline shall read, "7 days before Jury Selection," and shall not include a specific date.

[2] Given the Court's past experiences with litigants dropping claims and defenses during or on the eve of trial, the Court is of the opinion that these additional deadlines are necessary. The proposed DCO shall include this specific deadline. The deadline shall read, "10 days before Jury Selection," and shall not include a specific date.

[3] The Parties are referred to the Court's Standing Order Regarding Use of Juror Questionnaires in Advance of *Voir Dire.*

| Original Date | Amended Date | Event |
|---|---|---|
| December 4, 2024 | January 29, 2026 | *File Notice of Request for Daily Transcript or Real Time Reporting.<br><br>If a daily transcript or real time reporting of court proceedings is requested for trial, the party or parties making said request shall file a notice with the Court and e-mail the Court Reporter, Shawn McRoberts, at shawn_mcroberts@txed.uscourts.gov. |
| November 24, 2025 | January 19, 2026 | File Motions *in Limine*<br><br>The parties shall limit their motions *in limine* to issues that if improperly introduced at trial would be so prejudicial that the Court could not alleviate the prejudice by giving appropriate instructions to the jury. |
| November 24, 2025 | January 23, 2026 | Serve Objections to Rebuttal Pretrial Disclosures |
| November 17, 2025 | January 16, 2026 | Serve Objections to Pretrial Disclosures; and Serve Rebuttal Pretrial Disclosures |
| November 4, 2025 | January 6, 2026 | Serve Pretrial Disclosures (Witness List, Deposition Designations, and Exhibit List) by the Party with the Burden of Proof |
| October 29, 2025 | December 23, 2025 | *Response to Dispositive Motions (including *Daubert* Motions). Responses to dispositive motions that were filed prior to the dispositive motion deadline, including *Daubert* Motions, shall be due in accordance with Local Rule CV-7(e), not to exceed the deadline as set forth in this Docket Control Order.[4] Motions for Summary Judgment shall comply with Local Rule CV-56. |

---

[4] The parties are directed to Local Rule CV-7(d), which provides in part that "[a] party's failure to oppose a motion in the manner prescribed herein creates a presumption that the party does not controvert the facts set out by movant and has no evidence to offer in opposition to the motion." If the deadline under Local Rule CV 7(e) exceeds the deadline for Response to Dispositive Motions, the deadline for Response to Dispositive Motions controls.

5

| Original Date | Amended Date | Event |
|---|---|---|
| October 15, 2025 | December 9, 2025 | *File Motions to Strike Expert Testimony (including *Daubert* Motions)<br><br>No motion to strike expert testimony (including a *Daubert* motion) may be filed after this date without leave of the Court. |
| October 15, 2025 | December 9, 2025 | *File Dispositive Motions<br><br>No dispositive motion may be filed after this date without leave of the Court.<br><br>Motions shall comply with Local Rule CV-56 and Local Rule CV-7.  <u>Motions to extend page limits will only be granted in exceptional circumstances. Exceptional circumstances require more than agreement among the parties.</u> |
| October 10, 2025 | December 5, 2025 | Deadline to Complete Expert Discovery |
| September 30, 2025 | November 25, 2025 | Serve Disclosures for Rebuttal Expert Witnesses |
| September 9, 2025 | November 4, 2025 | Serve Disclosures for Expert Witnesses by the Party with the Burden of Proof |
| September 5, 2025 | October 31, 2025 | Deadline to Complete Fact Discovery and File Motions to Compel Discovery |

Dated: August 14, 2025

/s/ *Jin-Suk Park*
Jin-Suk Park
jin.park@arnoldporter.com
**ARNOLD & PORTER KAYE SCHOLER LLP**
601 Massachusetts Ave., NW
Washington, D.C. 20001-3743
Telephone: (202) 942-5000

Melissa R. Smith
Texas Bar No. 24001351
melissa@gillamsmithlaw.com
**GILLAM & SMITH LLP**

Respectfully submitted,

/s/ *Reza Mirzaie*
Reza Mirzaie
California Bar No. 246953
rmirzaie@raklaw.com
Kristopher Davis
California Bar No. 329627
kdavis@raklaw.com
Christian W. Conkle
California Bar No. 306374
cconkle@raklaw.com
Jason Wietholter
California Bar No. 337139
jwietholter@raklaw.com

6

303 South Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450

Andrew T. ("Tom") Gorham
Texas Bar No. 24012715
tom@gillamsmithlaw.com
**GILLAM & SMITH LLP**
102 North College Avenue, Suite 800
Tyler, Texas 75702
Telephone: (903) 934-8450

Jeffrey A. Miller
jeffrey.miller@arnoldporter.com
**ARNOLD & PORTER KAYE SCHOLER LLP**
3000 El Camino Real, Bldg 5
Suite 500
Palo Alto, CA 94306
Telephone: 650-319-4500

Daniel S. Shimell
daniel.shimell@arnoldporter.com
**ARNOLD & PORTER KAY SCHOLER LLP**
777 South Figueroa Street, 44th Floor
Los Angeles, California 90017-5844
Telephone: (213) 243-4000

Jonah B. Heemstra
jonah.heemstra@arnoldporter.com
**ARNOLD & PORTER KAYE SCHOLER LLP**
70 W. Madison Street, Suite 4100
Chicago, Illinois 60622
Telephone: (312) 583-2300

*Attorneys for Defendants*
*Samsung Electronics Co., Ltd. and*
*Samsung Electronics America, Inc.*

Paul A. Kroeger
California Bar No. 229074
kroeger@raklaw.com
Qi Tong
California Bar No. 330347
ptong@raklaw.com
**RUSS AUGUST & KABAT**
12424 Wilshire Blvd. 12th Floor
Los Angeles, CA 90025
Phone: (310) 826-7474

*Attorneys for Plaintiff*
*Resonant Systems, Inc. d/b/a RevelHMI*

**CERTIFICATE OF CONFERENCE**

The undersigned hereby certifies that counsel for Plaintiff met and conferred with counsel for Defendants in accordance with Local Rule CV-7(h).  The parties are jointly seeing the relief sought in the motion.

*/s/ Reza Mirzaie*
_____

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that, on August 14, 2025, all counsel of record who are deemed to have consented to electronic service are being served with a true and correct copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

*/s/ Reza Mirzaie*
_____